# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

CIM JOEL BLAIR,

        Plaintiff,

        v.

SCOT LEADERS, *et al.*,

        Defendants.

Case No. 3:20-cv-00084-RRB

## ORDER OF DISMISSAL

On April 13, 2020, self-represented prisoner, Cim Joel Blair, filed a Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. [§] 1983, along with a Prisoner's Declaration and Application to Proceed *In Forma Pauperis*.[1] On May 1, 2020, Mr. Blair filed a Motion for Clarification and Instruction.

Mr. Blair's complaint alleges civil rights violations under 42 U.S.C. § 1983 stemming from his state court criminal case.[2] The Complaint names District

---

[1] Dockets 1–2.

[2] *See* Docket 1. The Court takes judicial notice of Mr. Blair's criminal case *State of Alaska v. Cim Joel Blair*, Case No. 3HO-16-00188CR. Mr. Blair has appealed the judgment from Case No. 3HO-16-00188CR at *Cim Joel Blair v. State of Alaska*, Case No. A-13186. Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary*, (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

Attorney Scot Leaders and four correctional officers at Wildwood Correctional Center, all in their individual capacities.[3]

The Complaint alleges that corrections officers seized legal documents Mr. Blair had delivered to another prisoner.[4] Mr. Blair alleges that he was acting as counsel for his own criminal proceeding and attempting to subpoena a witness. Mr. Blair alleges that he should have had the legal documents returned to him, but that multiple levels of correctional staff and leadership ignored or denied his requests. Additionally, Mr. Blair alleges that the interference by correctional staff amounts to witness tampering. He further alleges that "[a]ll motions I filed in the Kenai court for extensions, continuances, etc., were denied for lack of documentary evidence or contemporary test[i]mony."[5] Mr. Blair alleges that this resulted in a violation of his right to access the courts.

Additionally, Mr. Blair alleges that he filed motions for continuances related to the newly found witness in his criminal case. Mr. Blair asked Defendant Leaders "what I should do about his incidence of witness tampering and interference with due process, and his reply was that I should call the state troopers."[6] Mr. Blair requested counsel "[to] help sort out all of these complicated legal matters and to

---

[3] Docket 1 at 1–2.

[4] *Id.* at 2–3.

[5] *Id.* at 4.

[6] *Id.*

Case No. 3:20-cv-00084-RRB, *Blair v. Leaders, et al.*
Order of Dismissal
Page 2 of 7
Case 3:20-cv-00084-RRB   Document 6   Filed 05/14/20   Page 2 of 7

provide some distance between myself and correctional administration in matters that directly involved the performance of their duties."[7] Mr. Blair alleges that his request for counsel was wrongly denied and that he was without counsel for critical court proceedings in May 2018. Mr. Blair alleges that this amounted to a violation of his right to due process.

For relief, Mr. Blair requests (1) damages of $50,000.00 from each correctional officer defendant; (2) punitive damages of $100,000.00 from Defendant Leaders; (3) an order "requiring defendant(s) to cease interfering with inmates [sic] legal proceedings, legal mail, or access to the courts"; and (4) a written apology from the Department of Corrections.[8]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[9]

---

[7] *Id.* at 5.

[8] *Id.* at 6.

[9] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

Case No. 3:20-cv-00084-RRB, *Blair v. Leaders, et al.*
Order of Dismissal
Page 3 of 7
Case 3:20-cv-00084-RRB Document 6 Filed 05/14/20 Page 3 of 7

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[10] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[11] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[12]

## DISCUSSION

Mr. Blair alleges that his rights to access the courts and to due process where violated during the court state court criminal case, *State of Alaska v. Cim Joel Blair*, Case No. 3HO-16-00188CR. Civil rights claims that collaterally attack or undermine a prisoner's conviction may not be litigated until the underlying conviction has been vacated. Accordingly, Mr. Blair's claims are not ripe for

---

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[11] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[12] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Case No. 3:20-cv-00084-RRB, *Blair v. Leaders, et al.*
Order of Dismissal
Page 4 of 7
Case 3:20-cv-00084-RRB   Document 6   Filed 05/14/20   Page 4 of 7

consideration by this Court. Therefore, Mr. Blair's case must be dismissed without prejudice.

I.         All Claims are Barred by *Heck v. Humphrey*

A prisoner may not bring a civil rights claim under 42 U.S.C. § 1983 that collaterally attacks his state court conviction. Where a § 1983 action alleges constitutional violations that would necessarily question or concern the validity of a state court conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[13] This rule applies regardless of whether the prisoner seeks damages or injunctive relief or who the target of the suit is, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration."[14]

Mr. Blair's conviction remains in effect at this time.[15] All of his claims in this case allege constitutional violations that question the validity of that conviction. Therefore, all of Mr. Blair's claims must be dismissed for failure to state a claim for

---

[13] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[14] *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

[15] *Supra* note 2.

Case No. 3:20-cv-00084-RRB, *Blair v. Leaders, et al.*
Order of Dismissal
Page 5 of 7
Case 3:20-cv-00084-RRB   Document 6   Filed 05/14/20   Page 5 of 7

relief at this time. Mr. Blair may refile his claims in the event his state court conviction is vacated, expunged, or overturned by an appropriate authority.[16]

## CONCLUSION

Mr. Blair's claims are barred by the termination rule of *Heck v. Humphrey* and are not ripe for consideration at this time. Therefore, the case must be dismissed without prejudice for failure to state a claim upon which relief may be granted. Mr. Blair may refile his claims once his conviction is vacated by an appropriate authority.

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

2. All pending motions are **DENIED AS MOOT**.

3. Due to the coronavirus pandemic, by Miscellaneous General Order 20-11, the District of Alaska imposed a stay on all civil matters, effective March 30, 2020. As the presiding judge in this matter, the undersigned vacates the stay in this case to allow entry of judgment, taxing of costs, and post-judgment motions. *See* MGO 20-11 at 6–7; *see also* MGO 20-

---

[16] The Court notes that even if Mr. Blair does refile his claims after the overturning of his conviction, many of his claims may be barred from suit or be meritless. The claims against Defendant Leaders likely are barred due to prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (upholding the principle that prosecutorial immunity protects government attorneys when acting as advocates for the state and performing duties "intimately associated with the judicial phase of the criminal process.").

Case No. 3:20-cv-00084-RRB, *Blair v. Leaders, et al.*
Order of Dismissal
Page 6 of 7
Case 3:20-cv-00084-RRB   Document 6   Filed 05/14/20   Page 6 of 7

13 at 6–7 (extending the civil stay through June 1). However, the parties may move or stipulate to extend any filing deadlines.

4. The Clerk of Court is directed to enter a final judgment.

DATED this 14th day of May, 2020 at Anchorage, Alaska.

/s/ *Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

Case No. 3:20-cv-00084-RRB, *Blair v. Leaders, et al.*
Order of Dismissal
Page 7 of 7
Case 3:20-cv-00084-RRB   Document 6   Filed 05/14/20   Page 7 of 7